UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

|  |  |  |
|---|---|---|
| KENNETH LEE TRAVIS, | ) ) ) | Civil No. 0:20-145-HRW |
| Petitioner, | ) ) |  |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| H. ALLEN BEARD, JR., Warden, | ) ) |  |
| Respondent. | ) |  |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Kenneth Lee Travis is a federal inmate currently confined at the Federal Correctional Institution ("FCI")–Ashland located in Ashland, Kentucky. Proceeding without an attorney, Travis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). However, Travis has not paid the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. Rather, he states only that he will have a family member contact the Court to pay the filing fee. [D.E. No. 1-3] However, payment of the filing fee is due at the time the petition is filed.

1

Even so, the Court has reviewed Travis's petition and finds that it must be dismissed without prejudice.[1] Travis's petition claims that the BOP has failed to give him time credits to which he is entitled under the First Step Act, 18 U.S.C. §§ 3632(d)(4), 3635. However, it is plain from Travis's petition that he filed this case before he fully exhausted his available administrative remedies with respect to his claim. It has long been the rule that, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961(6th Cir. 2004) ("it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.").

The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his § 2241 petition, Travis specifically indicates that, while he filed an informal request to resolve his claim and a request to the warden, he neither appealed to the appropriate Regional Director nor to the BOP's Office of General Counsel.

3

[D.E. No. 1 at p. 6] Thus, he has failed to fully exhaust his available administrative remedies with respect to his claim. For this reason, the Court will deny his § 2241 petition without prejudice.

While this case will be closed, after the administrative remedy process is complete, Travis may file a new petition in a new case regarding this matter should he choose to do so. However, Travis is advised that, to properly initiate a case in this Court, he must complete two steps at the same time: (1) file his habeas petition on a form approved for use by this Court; and (2) either pay the $5.00 filing fee, move for leave to proceed *in forma pauperis*, or submit a copy of a BP-199 Form that he filed with prison officials requesting that the prison withdraw funds from his inmate account to pay the filing fee.

Accordingly, it is hereby **ORDERED** as follows:

1. Travis's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

This 2nd day of December, 2020.



**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**

4